

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY McCRORY-KHAN,

          Plaintiff,          No. 07-10994

vs.                            Hon. Gerald E. Rosen

TOM DOWD, TOM WALKER, and
the PORT HURON TIMES HERALD,

          Defendants.



_____/

ORDER OF DISMISSAL

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    7-16-07

PRESENT:  Honorable Gerald E. Rosen
                  United States District Judge

Plaintiff Anthony McCrory-Khan has filed a *pro se* complaint alleging violation of his constitutional rights against the Port Huron Times Herald, Tom Dowd, its President and Publisher, and Tom Walker a Times-Herald employee. McCrory-Khan's complaint arises out of Defendants having directed him to stay out of the Times Herald's building and to cease and desist his harassment of Times Herald staff. By letter dated February 14, 2007, Defendants advised McCrory-Khan that "[a]ny future attempt by you to gain access to our establishment will be considered a trespass on Times Herald property and the newspaper will take appropriate action for that trespass."

McCrory-Khan claims that by directing him to stay off of Times Herald property,

Defendants have violated his First Amendment right to freedom of speech. Plaintiff has been granted leave to proceed without prepayment of the fees and costs for this action.

When screening an indigent person's complaint, federal district courts must determine whether the complaint, or any portion of it, (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

"The First Amendment does not guarantee the right to communicate one's views at all times and places or in any manner that may be desired." *Heffron v. International Society for Krishna Consciousness, Inc.*, 452 U.S. 640, 647 (1981). Thus, as a general matter, a person has no First Amendment right to communicate his or her views on another person's private property without consent. *See e.g., Lloyd Corp. v. Tanner*, 407 U.S. 551, 568 (1972) ("[T]his Court has never held that a trespasser or an uninvited guest may exercise general rights of free speech on property privately owned.").

Furthermore, the Constitution only regulates *governmental* behavior; thus, an action taken by a private individual is immune from constitutional scrutiny unless that behavior "may be fairly treated as that of the state itself." *Jackson v. Metroplitan Edison*

Co., 419 U.S. 345 (1974); *see also Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922 (1982); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715 (1961); *Marsh v. Alabama*, 326 U.S. 501 (1946).

The foregoing authority demonstrates that Plaintiff here has failed to show that Defendants deprived him of a federal constitutional right. The actions complained of in his complaint do not amount to a violation of his First Amendment rights. Furthermore, nothing in his complaint suggests that the actions taken by the Defendants "can fairly be treated as [an action] of the state." His claims are frivolous, fail to state a claim for which relief may be granted, and seek damages from defendants who are immune from such relief. Accordingly, the complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2).

An appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

_____
Gerald E. Rosen
United States District Judge